## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

JIMMY L. CRUZ,

      Petitioner,

-vs-                                       Case No.  8:13-cv-763-T-30TBM

DAVID GEE, SHERIFF,
HILLSBOROUGH COUNTY, FLORIDA,

      Respondent.
_____/

### ORDER

Petitioner, a pretrial detainee at the Hillsborough County Jail in Tampa, Florida, filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 ("petition").[1] According to the petition, Petitioner has been charged by the State of Florida with second degree murder for shooting Walter "JJ" Revear on May 18, 2011.  On June 21, 2012, Petitioner filed a Motion to Dismiss Based on Immunity from Criminal Prosecution Under Florida Statute 776.032 ("motion to dismiss").[2]  Following an evidentiary hearing, the state

---

[1] Because Petitioner is a pretrial detainee and not "in custody pursuant to the judgment of a State court. . ." (see 28 U.S.C. § 2254(b)), the Court construes the petition as filed pursuant to § 2241.

[2] § 776.032, Fla. Stat. (2011) states in pertinent part:

  (1) A person who uses force as permitted in s. 776.012, s. 776.013, or s. 776.031 is justified in using such force and is immune from criminal prosecution and civil action for the use of such force, unless the person against whom force was used is a law enforcement officer, as defined in s. 943.10(14), who was acting in the performance of his or her official duties and the officer identified himself or herself in accordance with any applicable law or the person using force knew or reasonably should have known that the person was a law enforcement officer. As used in this subsection, the term "criminal prosecution" includes arresting, detaining in custody, and charging or prosecuting the defendant.

trial court denied the motion to dismiss on July 10, 2012.  On August 9, 2012, Petitioner filed a petition for writ of prohibition in the Florida Second District Court of Appeal requesting dismissal of the Information.  The petition for writ of prohibition was denied on August 29, 2012.  Petitioner remains incarcerated without bail while the criminal proceedings are pending.

Petitioner argues that he is being unlawfully detained because he is immune from criminal prosecution under Section 776.032.  As relief, Petitioner appears to request this Court review and "nullify" the state courts' decisions denying his motion to dismiss and petition for writ of prohibition, enjoin the state's criminal proceedings against him, and order his release from detainment (see Dkt. 1 at pp. 2-3).

## Discussion

As a state pretrial detainee, Petitioner may challenge his confinement as unconstitutional by petitioning for the writ of habeas corpus pursuant to 28 U.S.C. § 2241. *See Stacey v. Warden, Apalachee Corr. Inst.*, 854 F.2d 401, 403 n.1 (11th Cir. 1988) ("Pre-trial habeas petitions . . . are properly brought under 28 U.S.C. § 2241, which applies to persons in custody regardless of whether final judgment has been rendered.").  This Court concludes, however, that the petition should be dismissed because the *Younger* abstention doctrine precludes this Court from interfering with the ongoing state criminal proceeding. *See Younger v. Harris*, 401 U.S. 37 (1971).

"[I]n the interests of comity, federal courts abstain from becoming involved in [] state court proceeding[s] with few exceptions. 'Proper respect for the ability of state courts to

2

resolve federal questions presented in state-court litigation mandates that the federal court stay its hand' *Pennzoil v. Texaco, Inc.*, 481 U.S. 1, 14 (1987); *see also Younger v. Harris*, 401 U.S. 37 (1971)." *Solomon v. Manuel*, 2011 U.S. Dist. LEXIS 125689, at *2 (N.D. Fla. Oct. 4, 2011). Absent "extraordinary circumstances, a federal court must abstain from deciding issues implicated in an ongoing criminal proceeding in state court." *Thompson v. Wainwright*, 714 F.2d 1495, 1503 (11th Cir. 1983) (citing *Younger*). Pursuant to *Younger*, federal courts should abstain from granting injunctive or declaratory relief affecting a state criminal prosecution absent a showing of: (1) evidence of bad faith prosecution, (2) irreparable injury if abstention is exercised by the federal court, or (3) the absence of an adequate alternative state forum where the constitutional issues can be raised. *Hughes v. Attorney General of Florida*, 377 F.3d 1258, 1263 n.6 (11th Cir. 2004) (citing *Younger*, 401 U.S. at 45, 53-54).

Petitioner does not allege bad faith prosecution or the absence of an adequate state forum where the constitutional issues can be raised. Instead, Petitioner implicitly relies on the exception for irreparable injury by asserting that his detainment is unconstitutional because he is entitled to immunity from prosecution under 776.032, he was denied a fair hearing on his motion to dismiss, and pretrial publicity surrounding his case will make it impossible for him to receive a fair trial.

Petitioner has failed to allege facts entitling him to review under the irreparable injury exception. *See Butler v. Ala. Judicial Inquiry Comm'n*, 245 F.3d 1257, 1264 (11th Cir. 2001) ("Irreparable injury exists if the [statute under which a defendant is being prosecuted] is

3

"flagrantly and patently violative of express constitutional prohibitions" or if "unusual circumstances exist that would call for equitable relief.") (quoting *Younger*, 401 U.S. at 53-54). Florida's state courts have adequate and effective state procedures for review of Petitioner's claims. Petitioner has failed to present facts that warrant this Court interfering in the normal functioning of Florida's criminal process. Therefore, this Court will abstain from addressing the merits of the petition.

## CONCLUSION

Under *Younger*, the Court must abstain from deciding the petition.

Accordingly, the Court **ORDERS** that:

1.      The petition for writ of habeas corpus (Dkt. 1) is **DISMISSED** without prejudice.

2.      The Clerk of the Court is directed to terminate any and all pending motions, and close this case.

**DONE** and **ORDERED** in Tampa, Florida on March 28, 2013.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copy to: Petitioner *pro se*

4